2009 WY 50

**Gloria I. MENDOZA and Josephine E. Cano, Appellants (Plaintiffs),**

v.

**Lawrence O. GONZALES, as Trustee of The Gonzales Family Trust, and Lawrence O. Gonzales, individually, Appellees (Defendants).**

No. S-08-0059.

Supreme Court of Wyoming.

April 9, 2009.

Representing Appellants: William L. Hiser and Kelly N. Heck of Brown & Hiser LLC, Laramie, Wyoming. Argument by Ms. Heck.

Representing Appellees: Thomas A. Thompson and Brandon W. Snyder of Mac-Pherson, Kelly & Thompson, LLC, Rawlins, Wyoming. Argument by Mr. Thompson.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] This matter involves a family dispute over the disposition of certain trust property. The appellants, Gloria I. Mendoza and Josephine E. Cano, claim that the appellee, their brother Lawrence O. Gonzales, wrongfully induced them to disclaim their interest in a large portion of the trust property. The district court concluded that the appellants consented to the appellee's actions and thus waived their right to challenge the alleged misconduct. We will affirm.

## ISSUES

[¶ 2] We restate the issues as follows:

1. Was the district court's finding that the appellants consented to the appellee's actions as trustee clearly erroneous?

2. Were the district court's findings that the appellants' consent was not void because they knew of their rights and the material facts relating to their consent, and because their consent was not induced by improper conduct by the appellee clearly erroneous?

## FACTS

[¶ 3] The appellants are sisters and the only siblings of the appellee. In 1991, the parties' parents created The Gonzales Family Trust ("Trust"). Under the Trust, upon the death of the parents the appellee was to become the successor trustee. The terms of

the Trust called for the trust property to be distributed equally among all three siblings. The Trust was vested with three basic categories of property: 1) personal property, consisting of five vehicles and household contents, 2) monetary assets such as cash and certificates of deposit, and 3) real property located in Carbon County, Wyoming.

[¶ 4] The parties' mother died in 1994, and their father passed away on February 14, 2006. Following their father's death, the appellee, as trustee, created an inventory and accounting of the trust accounts and sent certified checks to both of the appellants in the amount of their respective shares of the trust cash. With respect to the real property, on April 21, 2006, Appellant Mendoza signed and had notarized a document which read, in pertinent part:

> I, Gloria I. Mendoza, do hereby certify and warrant that I am the true and lawful 1/3 owner of the property, together with my only brother, Lawrence O. Gonzales and only sister, Josephine E. Cano. The properties in question are described herein as Lots numbered Five (5), Six (6) and Seven (7), in Block Number Three (3), Southside Addition to the City of Rawlins, Carbon County, Wyoming. And All of Lots Eight (8) and Nine (9), Block Three (3), First Southside Addition to the City of Rawlins, Carbon County, Wyoming.
>
> I convey all my interest in these lots and pass ownership on the aforementioned property lots to my brother, Lawrence O. Gonzales so that complete title and sole ownership can convey to him.

On April 29, 2006, Appellant Cano signed a similar document. On May 11, 2006, the appellee executed a Trustee Warranty Deed conveying the real property at issue from himself as trustee, to himself as an individual. With respect to the vehicles, on the same dates that they signed the above-described documents, the appellants signed and executed Warranty and Notarization Statements, effectively disclaiming their ownership rights in the five vehicles. The appellants' reasons for executing these documents conveying the trust property to the appellee are at the center of this dispute.

[¶ 5] On January 22, 2007, the appellants filed a complaint claiming that the appellee had breached the Trust and committed fraud both in his capacity as trustee and individually. Specifically, they claimed that the documents they had signed were not valid and that they did not intend to waive their respective one-third interests in all of the trust property. The district court held a two-day trial on the matter. The appellee testified that, following the death of their father, the parties met to discuss the disposition of the trust property and that the appellants agreed to gift him the property to help supplement his income because he was on disability. The appellee felt the disclaimer documents were executed in furtherance of this agreement. The appellee's son also testified about conversations he had with Appellant Mendoza regarding her desire for the appellee to receive all of the trust property, except the cash. The appellants, on the other hand, insisted that they never waived their interest in the trust property and that they signed the disclaimer documents at the direction of the appellee believing that such was necessary only for the administration of the Trust.

[¶ 6] On November 26, 2007, the district court issued a lengthy decision letter. The district court concluded that the documents executed by the appellants disclaiming their respective interests in the trust property were valid and evidenced their consent to the appellee's actions. On December 26, 2007, the district court entered an order directing the distribution of the trust property and dismissing with prejudice all of the appellants' claims against the appellee. The appellants timely appealed the matter to this Court.

**STANDARD OF REVIEW**

[¶ 7] "When a trial court in a bench trial makes express findings of fact and conclusions of law, we review the factual determinations under a clearly erroneous standard and the legal conclusions de novo." *Hansuld v. Lariat Diesel Corp.*, 2003 WY 165, ¶ 13, 81 P.3d 215, ¶ 13 (Wyo.2003) (citing *Rennard v. Vollmar*, 977 P.2d 1277, 1279 (Wyo.1999)). When reviewing the factual

findings of a district court following a bench trial, we apply the following standards:

> The factual findings of a judge are not entitled to the limited review afforded a jury verdict. While the findings are presumptively correct, the appellate court may examine all of the properly admissible evidence in the record. Due regard is given to the opportunity of the trial judge to assess the credibility of the witnesses, and our review does not entail re-weighing disputed evidence. Findings of fact will not be set aside unless they are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.

*Harber v. Jensen,* 2004 WY 104, ¶ 7, 97 P.3d 57, ¶ 7 (Wyo.2004) (quoting *Life Care Centers of America, Inc. v. Dexter,* 2003 WY 38, ¶ 7, 65 P.3d 385, ¶ 7 (Wyo.2003)). Findings may not be set aside because we would have reached a different result. *Harber,* ¶ 7 (citing *Double Eagle Petroleum & Mining Corp. v. Questar Exploration & Production Co.,* 2003 WY 139, ¶ 6, 78 P.3d 679, ¶ 6 (Wyo.2003)). Also, in reviewing a trial court's findings of fact,

> we assume that the evidence of the prevailing party below is true and give that party every reasonable inference that can fairly and reasonably be drawn from it. We do not substitute ourselves for the trial court as a finder of facts; instead, we defer to those findings unless they are unsupported by the record or erroneous as a matter of law.

*Harber,* ¶ 7 (quoting *Life Care Centers,* ¶ 7). We affirm the trial court's findings if there is any evidence to support them. *Id.* *Piroschak v. Whelan,* 2005 WY 26, ¶ 7, 106 P.3d 887, 890–891 (Wyo.2005).

## DISCUSSION

[¶ 8] The appellants present two basic arguments. First, they claim that the district court's finding that they consented to the appellee's actions as trustee was clearly erroneous. Second, they assert that the district court erred when it failed to find that the appellee breached certain duties as trustee. Both arguments are governed by the Wyoming Uniform Trust Code. Wyo. Stat. Ann. § 4–10–802 (LexisNexis 2007), reads in relevant part:

(a) A trustee shall administer the trust solely in the interests of the beneficiaries.

(b) Subject to the rights of persons dealing with a fiduciary as provided in W.S. 4–10–1013, a sale, encumbrance or other transaction involving the investment or management of trust property entered into by the trustee for the trustee's own personal account or which is otherwise affected by a conflict between the trustee's fiduciary and personal interests is voidable by a beneficiary affected by the transaction unless:

(i) The transaction was authorized by the terms of the trust;

(ii) The transaction was approved by the court;

(iii) The beneficiary did not commence a judicial proceeding within the time allowed by W.S. 4–10–1005;

(iv) The beneficiary consented to the trustee's conduct, ratified the transaction or released the trustee pursuant to W.S. 4–10–1009; or

(v) The transaction involves a contract entered into or claim acquired by the trustee before the person became or contemplated becoming trustee.

Wyo. Stat. Ann. § 4–10–1009 (LexisNexis 2007) provides:

(a) A fiduciary is not liable to a beneficiary for breach of trust if the beneficiary consented in writing to the conduct constituting the breach, released the fiduciary from liability for the breach or ratified the transaction constituting the breach, unless:

(i) The consent, release or ratification of the beneficiary was induced by improper conduct of the fiduciary; or

(ii) At the time of the consent, release or ratification, the beneficiary did not know of the beneficiary's rights or of the material facts relating to the breach.

[¶ 9] Since the appellee transferred property owned by the Trust to himself individu-

ally, Wyo. Stat. Ann. § 4–10–802(b) clearly controls. As such, the transactions are voidable unless one of the enumerated exceptions applies. Of the five exceptions listed in § 802(b), the only exception applicable to these facts is (b)(iv), regarding consent. The record is clear, and the appellants do not dispute that they signed the documents indicating their consent to the appellee taking title to the trust property. Therefore, the only question is whether the transaction is voidable, under § 4–10–1009, because their consent was obtained by improper conduct by the appellee or because the appellants did not know their rights or the material facts relating to the breach of trust.

[¶ 10] We turn first to the question of whether the district court erred in its finding that the appellants were aware of their rights and the material facts surrounding the breach of trust. With regard to the appellants' consent, the district court concluded:

> ... the Court was called upon to weigh the evidence presented and found certain evidence more persuasive than other evidence. The most persuasive and weighty evidence suggests that not only did [the appellants] knowingly and voluntarily execute their disclaimer documents, but they consented to the transactions understanding that the transaction were contrary to the express provisions of the Trust. Thus, the Court finds that pursuant to Wyo. Stat. Ann. § 4–10–802(b)(iv), the transactions clearly benefitting [the appellee] as trustee were consented to by [the appellants]. Therefore, the transactions are not voidable and the disclaimer documents remain valid.

The record supports the district court's conclusion regarding the appellants' understanding of the nature of their actions. The documents (the content of which is quoted above, see supra ¶ 4) clearly describe the property and reflect the appellants' intentions in waiving their right to that property. Although the appellants asserted that they did not understand the nature or consequences of their actions when they signed the documents, the district court found that the "disclaimer documents speak loudly on their own

concerning the transactions." We have recently said

> With respect to an individual's knowledge of facts, the Wyoming Uniform Trust Code indicates:
>
>> (a) Subject to subsection (b) of this section, a person has knowledge of a fact if the person:
>>
>>> (i) Has actual knowledge of it;
>>>
>>> (ii) Has received a notice or notification of it; or
>>>
>>> (iii) From all the facts and circumstances known to the person at the time in question, has reason to know it.
>
> Wyo. Stat. Ann. § 4–10–104(a) (LexisNexis 2003). Further, we have said:
>
>> One who signs a contract generally cannot avoid it on the ground that he did not attend to its terms, or did not read it, or supposed that it was different in its terms, or that he took someone's word as to what it contained.
>>
>>> "The rule is that one who signs a paper, without reading it, if he is able to read and understand, is guilty of such negligence in failing to inform himself of its nature that he cannot be relieved from the obligation contained in the paper thus signed, unless there was something more than mere reliance upon the statements of another as to its contents. * * *"
>>
>> (Citations omitted.) Laird v. Laird, 597 P.2d 463, 467 (Wyo.1979); accord First State Bank of Wheatland v. American Nat'l Bank, 808 P.2d 804, 806 (Wyo. 1991).

Schmidt v. Killmer, 2009 WY 23, ¶ 16, 201 P.3d 1121, 1126 (Wyo.2009).

[¶ 11] Both of the appellants had significant experience working with legal and business documents. Appellant Cano is classified as a paralegal, having worked as a receptionist and legal assistant with Colorado Legal Services for 16 years and doing contract legal work for three different attorneys. Appellant Mendoza had worked for the State of Wyoming and AT & T, both jobs involving document review and preparation. Additionally, while it is not entirely clear, the record

indicates that Mendoza drafted the disclaimer documents. Mendoza also testified that she understood that by signing the disclaimer document she was giving her share of the property to the appellee. Finally, both of the appellants testified that they had the opportunity to have an attorney review the disclaimer and chose not to do so. In light of these facts, and considering the appellee's relative lack of sophistication, the district court found it "difficult for the Court to believe that [the appellee] was in any way capable of masterminding any scheme to 'trick' his sisters into anything, or exerting his will over them in any way."

[¶ 12] We now turn to the other factor set forth in Wyo. Stat. Ann. § 4–10–1009—that is whether the appellants' consent was obtained by improper conduct by the appellee. The appellants do not point to any improper conduct specifically relating to the execution of the release documents (such as fraud in the execution or duress), rather they provide a list of duties the appellee allegedly breached while acting as trustee. The appellants claim that the appellee, in his role as trustee, breached his duty of impartiality, duty of prudent administration, duty of record keeping and identification of trust property, duty to enforce claims, and duty to inform and report.

[¶ 13] Even if we were able to find that the appellee breached any of the duties the appellants allege, the appellants fail to demonstrate how these breaches wrongfully induced them into consenting to the transactions or deprived them of the opportunity to understand their rights or the material facts relating to their consent. Virtually all of their "breach of duty" arguments involve alleged failures by the appellee to manage or protect trust assets. Such claims are immaterial to the question presented here, inasmuch as the appellants waived their rights to any of the trust assets other than cash.

[¶ 14] The only alleged breach that may have had any bearing on the validity of the appellant's consent was the alleged breach of the appellee's duty to inform and report. Without citing specifics, the appellants address that breach by asserting that the appellee "deliberately hid material facts from the Appellants which would have helped them protect their interests." Such a claim, if supported, could provide grounds to void the appellant's consent to the transactions. However, the appellants fail to call our attention to any fact that the appellee deliberately or wrongfully hid. More importantly, they do not even attempt to show how knowledge of specific additional facts would have been material to their decision to waive their interests in the trust property.

## CONCLUSION

[¶ 15] Our review of the record in light of the articulated standard of review reveals that the district court's finding were not clearly erroneous. Although it is clear that the appellee, as trustee, entered into transactions favoring his personal interests over those of the appellants, we affirm the district court's upholding of those transactions because the appellants consented thereto, in writing. Finally, we sustain the district court's conclusion that the appellants were not wrongfully induced by the appellee to consent to the transactions or deprived of their ability to understand their rights or the material facts surrounding their consent.

[¶ 16] We affirm.